IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSEPH OGBORU, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Civil Action No. 3:24-CV-1705-D |
| § | |
| ALLSTATE VEHICLE & PROPERTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this removed diversity action, defendant Allstate Vehicle & Property Insurance Company ("Allstate") moves under Tex. Ins. Code Ann. § 542A.007 (West 2017) to limit the attorney's fees of plaintiff Joseph Ogboru ("Ogboru").[1] Ogboru opposes the motion. For the reasons that follow, the court grants the motion.

I

This lawsuit arises out of hail damage to Ogboru's real property occurring on or about April 25, 2022 and reported to Allstate on April 26, 2022. Ogboru sued Allstate on May 2, 2024, alleging claims for breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices-Consumer Protection Act, violations of the Texas Insurance Code, and gross negligence for Allstate's alleged mishandling of his claim. Allstate maintains that the attorney's fees that Ogboru's incurred on or after July 1,

---

[1]Allstate does not request additional abatement time because more than 60 days have elapsed, but it re-urges its motion to limit attorney's fees incurred on or after July 1, 2024.

2024 must be limited because he filed this lawsuit without giving the presuit notice that § 542A.003 requires.

Section 542A.003(a) provides:

> In addition to any other notice required by law or the applicable insurance policy, not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.

According to Allstate, Ogboru sent a demand letter to Allstate on March 22, 2024, and, just 41 days later, on May 2, 2024, filed this lawsuit.

Ogboru opposes Allstate's motion on four grounds: first, the motion is not authorized in the federal rules; second, Allstate has already received an abatement that gave it the full time permitted by the statute to contemplate settlement; third, Ogboru reasonably believed that the limitations period was set to expire; and, fourth, alternatively, the court should deny Allstate's motion without prejudice, or continue its consideration of the motion, until basic discovery has occurred.

The court is deciding Allstate's motion on the briefs, without oral argument.[2]

II

Ogboru maintains, first, that Allstate's motion should be denied because a motion to "limit" a fee claim is not authorized by the federal rules. He cites decisions by two members

---

[2] Ogboru filed his opposition response on November 18, 2024, making Allstate's reply, if it desired to file one, due on December 2, 2024. *See* N.D. Tex. Civ. R. 7.1(f). Because no reply has been filed, and the time to reply has expired, the motion is ripe for decision.

of this court—Judge Pittman[3] and Judge Means[4]—to support this assertion. Ogboru posits that, while "there have been courts that have granted motions of this nature . . . in none of the cases involving orders favorable to insurers was the procedural validity of the motion challenged." P. Br. (ECF No. 17) at 4. He contends that Allstate cannot rely on decisions that grant such motions if in those cases the procedural mechanism was not challenged. Ogboru maintains that his counsel has reviewed all of the decisions on § 542A's notice requirement available in legal search engines, and none, other than those authored by Judges Pittman and Means, addresses this matter. Finally, he contends that a state statute does not trump the Federal Rules of Civil Procedure; that, at most, state law controls only the substantive, not procedural, elements of law; that the type of motion that is appropriately filed is a pure question of procedure, not substance; and that §542A does dictate, or even suggest, the type.

In *M Cent. Residences Condo. Ass'n v. Tech. Ins. Co.*, 2023 WL 4089388, at *2 (N.D. Tex. June 20, 2023) (Fitzwater, J.), the court granted a motion similar to the one that Allstate now brings, explaining that

---

[3]*Sellers v. Am. Econ. Ins. Co.*, No. 4:23-CV-319-P, ECF No. 19 (N.D. Tex. Apr. 18, 2023) (Pittman, J.) (denying motion to preclude as not mentioned in the Federal Rules of Civil Procedure).

[4]*HCS Real Estate, LLC v. Nationwide Ins. Co.*, No. 4:22-CV-866-Y (N.D. Tex. Jan. 19, 2023) (Means, J.) ("The Court is lost as to the authority that it possesses to grant Defendant's request without the argument's presentation in a motion governed by the Federal Rules of Civil Procedure.").

> [t]his motion is a creature of state insurance law. *See* Tex. Ins. Code Ann. § 542A.007(d). Motions to deny attorney's fees claims have been granted by other judges of this court. *See, e.g.*, *Tadeo v. Great N. Ins. Co.*, 2020 WL 4284710, at *9 (N.D. Tex. Jul. 27, 2020) (Fish, J.); *see also Rahe v. Meridian Sec. Ins. Co.*, 2022 WL 614995, at *1 (N.D. Tex. Feb. 28, 2022) (Brown, J.). And other members of this court have granted similar motions: *Sarwar v. Gen. Star Indem. Co.*, 2023 WL 36073, at *1 (N.D. Tex. Jan. 3, 2023) (Fish, J.) (motion to preclude attorney's fees); *Stalcup v. Safeco Ins. Co. of Ind.*, 2022 WL 17345930, at *2 (N.D. Tex. Nov. 14, 2022) (Parker, J.) (motion to cap attorney's fees); and *Paradise Fruits & Vegetables, L.P. v. Nat'l Fire & Marine Mut. Ins.*, 2022 WL 17998563, at *1 (N.D. Tex. Mar. 1, 2022) (Godbey, J.) (motion to strike claim for attorney's fees).

*Id.* at *1 n.1.

The court also explained that

> [t]his state-law provision and those closely related to it, Tex. Ins. Code Ann. §§542A.004-542A.007, have been deemed substantive by other judges of this court, and thus applicable to a case like this that was removed based on diversity of citizenship. *See, e.g.*, *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, 2022 WL 2719630, at *3 (N.D. Tex. Apr. 12, 2022) (Ray, J.); *Gateway Plaza Condo v. The Travelers Indem. Co. of Am.*, 2019 WL 7187249, at *1 n.1 (N.D. Tex. Dec. 23, 2019) (Scholer, J.).

*Id.* at *2.

Since *M Cent. Residences Condo. Ass'n* was decided, judges of this court have continued to apply the presuit notice requirement of § 542A—indeed, have done so in cases where the parties apparently did not question the applicability of this Texas statute in federal diversity actions. *See, e.g.*, *D. Reynolds Co. v. AGCS Marine Ins. Co.*, 2024 WL 3585636, at *1-2 (N.D. Tex. July 15, 2024) (Horan, J.); *Larsen Holdings, LLC v. ANPAC La. Ins. Co.*,

2024 WL 3186667, at *1-2 (N.D. Tex. May 20, 2024) (Lynn, J.); *Montiel v. Allstate Vehicle & Prop. Ins. Co.*, 2024 WL 1184424, at *2-3 (N.D. Tex. Mar. 19, 2024) (Reno, J.); *Compound S., LLC v. State Auto. Mut. Ins. Co.*, 2024 WL 858011, at *3-5 (N.D. Tex. Jan. 31, 2024) (Bryant, J.) (discussing *M Cent. Residences Condo. Ass'n*). And while the absence in those cases of a challenge to the statute's applicability means that the issue was not explicitly contested and resolved, it may also indicate that no party even considered it worthwhile to make such a challenge. In any event, no decision of a judge of this court since the undersigned decided *M Cent. Residences Condo. Ass'n* persuades the court to reach a different result in this case.

Pending further developments in the law, this court continues to hold that § 542A applies in federal court when state law controls, such as in a case removed to federal court based on diversity of citizenship.

III

Ogboru next maintains that Allstate is not entitled to limit Ogboru's attorney's fees because it has already received an abatement that gave it the full time permitted by the statute to contemplate settlement. Ogboru alleges that Allstate "received an abatement from plaintiff and thus had the opportunity to resolve the dispute within 60 days based on the petition / complaint so it could avoid litigation." P. Resp. Br. (ECF No. 17) at 7. To the contrary, however, no abatement has been granted by this court, nor did the state court grant an abatement before the case was removed to this court. Because Ogboru has provided no other explanation for how the remedy of abatement has already been provided, the court need not

- 5 -

decide whether the receipt of an abatement forecloses a defendant-insurer from seeking to limit attorney's fees pursuant to § 542A.007(d).

IV

Ogboru next contends that Allstate is not entitled to limit attorney's fees because Ogboru reasonably believed that the limitations period was set to expire. He contends that his counsel did not realize until after March 22, 2024, upon "subsequent review of dates and actions," that a letter that Allstate sent on May 7, 2022 stating that it was paying $0 to settle the claim may have started the limitations period. P. Resp. (ECF No. 17) at 11. Therefore, at the time that his counsel realized that the limitations period may have already begun, there was no time to provide notice "at least 61 days before the date the action was filed" per § 542A.007(d).

The Texas Insurance Code provides that presuit notice compliant with § 542A.003(a) is not required "if giving notice is impracticable because . . . the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire[.]" Tex. Ins. Code Ann. § 542A.003(d) (West 2017). The "reasonable basis" standard for impracticability is "not an easy threshold to satisfy and 'ought to be reserved for those instances in which presuit notice genuinely cannot be provided.'" *Sarwar*, at \*3 (quoting *Hlavinka Equip. Co. v. Nationwide Agribusiness Ins. Co.*, 546 F.Supp.3d 534, 536 (S.D. Tex. 2021)). Thus, for notice to be excused, impracticability must be supported by a "reason independent from simply stating that the impending expiration of the limitations period made the notice impracticable." *Hosp. Operations, LLC v. Amguard Ins. Co.*, 2019

- 6 -

WL 11690209, at *2 (E.D. Tex. Dec. 2, 2019); *see also Pemberton v. Unitrin Preferred Ins. Co.*, 2022 WL 2763160, at *2-3 (W.D. Tex. Jan. 6, 2022). A plaintiff's "genuine belief that limitations might expire does not constitute the pleading and proof required to establish the statutory limitations exception to the presuit notice requirement." *Vuong Huynh Corp. v. Certain Underwriters at Lloyd's, London*, 2019 WL 11268988, at *3 (E.D. Tex. Dec. 23, 2019) (internal quotation marks omitted) (quoting *In re Cypress Tex. Lloyds*, 437 S.W.3d 1, 9 (Tex. App. 2011, no pet.)).

The fact that Ogboru did not realize that the statute of limitations *may* have started when the May 7, 2022 letter was sent until nearly two years after receiving that letter is not sufficient to show that giving presuit notice was impracticable. Ogboru has presumably been in possession of this letter since May of 2022, and Ogboru's counsel indicates in his declaration that his firm received the letter from Allstate as well. P. App. (ECF No. 17-1) at 3. The fact that he did not realize that it could have started the statute of limitations period until his counsel reviewed the document nearly two years after it was sent does not excuse the lack of timely presuit notice in this case. There is no indication that Ogboru could not have provided notice at any point during his attempts to resolve his claim prior to filing suit. *See M Cent. Residences Condo. Ass'n*, 2023 WL 4089388, at *3 (concluding that timely presuit notice was not impracticable in part because it was "not apparent why M Central could not provide notice while attempting to resolve its potential claim without filing suit"). The court therefore concludes that Ogboru's failure to provide presuit notice was not excused under § 542A.003(d).

V

Alternatively, Ogboru contends that the court should deny Allstate's motion without prejudice, or continue its consideration of the motion, until basic discovery has occurred. Ogboru maintains that discovery is necessary to determine whether he had a reasonable basis for believing that there was insufficient time to give the presuit notice before the limitations period would have expired such that the lack of notice was excused under § 542A.003(d)(1).

In this case, Allstate has not filed a reply challenging any of Ogboru's assertions regarding the circumstances leading to his filing suit without providing Allstate § 542A.003 notice.  But even if, as Ogboru had suspected, the May 7, 2022 letter was intended to be the final resolution of Ogboru's claim and the statute of limitations had begun, the circumstances asserted in Ogboru's response would not permit a finding of impracticability for the reasons discussed above, *see supra* § IV.  The court therefore declines to delay ruling on this motion so that the parties can conduct basic discovery.

\* \* \*

For the reasons explained, the court grants Allstate's motion to limit attorney's fees incurred after July 1, 2024, the date that Allstate filed its initial motion pursuant to Tex. Ins. Code Ann. § 542A.007(d) (West 2017).[5]

**SO ORDERED**.

March 7, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

---

[5]Section 542A.007(d) states that, absent timely presuit notice stating the specific amount alleged to be owed, the court may not award "any attorney's fees incurred *after* the date the defendant files the pleading with the court." Tex. Ins. Code Ann. § 542A.007(d) (West 2017) (emphasis added).  Therefore, the court grants the motion as to fees incurred after July 1, 2024, but not as to fees incurred on that date.